## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KENNETH MARTINEZ** | |
| **PLAINTIFF,** | |
| **V.** | |
| **AMANDA HILLER, ACTING TAX COMMISSIONER AND GENERAL COUNSEL, DEPARTMENT OF TAXATION AND FINANCE,** | **NO.** 1:26-cv-256 (MAD/DJS) |
| **DEFENDANT** | **COMPLAINT** |

## COMPLAINT WITH JURY DEMAND

This suit challenges the validity of New York's tax Code and Defendant's actions, under color of state law, that resulted in an unconstitutional taking of the Plaintiff's property without just compensation, in violation of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment's Due Process Clause. Plaintiff further challenges New Your tax code and Commissioner's actions as violating Mr. Martinez's procedural and substantive Due Process Clause of the U.S. Constitution as applicable to states. Plaintiff seeks declaratory and injunctive relief to remedy the unlawful deprivation of property rights by the New York Department of Taxation and Finance and Commissioner Hiller.

1

## PARTIES

1.      Plaintiff, Kenneth Martinez ("Plaintiff" or "Martinez") is a resident of Bristol, Pennsylvania.

2.      Defendant Amanda Hiller, the Acting Tax Commissioner and General Counsel ("Commissioner" or "Tax Department") is sued in her official capacity. Commissioner is in charge of New York Department of Taxation and Finance and implementing policies and regulations, including those that resulted in the deprivation of the property at issue.

## JURISDICTION

3.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), as this case arises under the Constitution and laws of the United States.

## VENUE

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claim occurred within this District and the property in question is also located in this district. The Defendant is an official of the State of New York.

## FACTS

5.      Plaintiff resided in the State of New York prior to the events described herein.

6.      At all relevant times, Plaintiff had an outstanding tax debt with the New York Department of Taxation and Finance.

7.      In or about 2022, Plaintiff relocated his residence from New York to Bristol, Pennsylvania.

2

8.    At the end of 2022, Plaintiff secured employment with a company located in Philadelphia, Pennsylvania.

9.    On March 14, 2023, Plaintiff sustained a work-related injury while performing his job duties.

10.    The injury caused devastating harm to Plaintiff's health, including substantial injuries to his knees and limbs.

11.    Following the injury, Plaintiff retained legal counsel to pursue his rights under the Pennsylvania Workers' Compensation Act.

12.    Plaintiff thereafter filed a workers' compensation claim arising out of the March 14, 2023 injury.

13.    The parties ultimately reached a settlement of Plaintiff's workers' compensation claim.

14.    Under the terms of the settlement, Plaintiff was awarded a total of $80,000.

15.    Of this amount, $16,000 was immediately paid to Plaintiff's attorney as legal fees.

16.    Plaintiff received the remaining $64,000 as his portion of the settlement proceeds.

17.    Plaintiff deposited the $64,000 workers' compensation check into his personal checking account at Citizens Bank (Acct No. "*5255").

18.    The parties ultimately reached a settlement of Plaintiff's workers' compensation claim.

19.    Under the terms of the settlement, Plaintiff was awarded a total of $80,000.

3

20.    Of this amount, $16,000 was immediately paid to Plaintiff's attorney as legal fees.

21.    Plaintiff received the remaining $64,000 as his portion of the settlement proceeds.

22.    Plaintiff deposited the $64,000 workers' compensation check into his personal checking account at Citizens Bank.

**COUNT I**
**VIOLATION OF THE TAKINGS CLAUSE U.S. CONSTITUTION**

23.    Plaintiff realleges and incorporates by reference the foregoing paragraphs.

24.    The Takings Clause of the Fifth Amendment of U.S. Constitution provides that "private property [shall not] be taken for public use, without just compensation."

25.    Through the Fourteenth Amendment's Due Process Clause, this prohibition applies to actions of the states and their officials.

26.    State of New York specifically exempted workers compensation awards and certain wages from collection activity.

27.    Despite having been provided with documentation demonstrating that the funds in Plaintiff's Citizens Bank accounts derived from a workers' compensation settlement and exempted wages, the New York Department of Taxation and Finance proceeded to levy those funds.

28.    The New York Department of Taxation and Finance failed to recognize the clearly established statutory exemption protecting workers' compensation awards from collection.

29.    The New York Department of Taxation and Finance levied the exempt funds and refused to return them to Plaintiff.

30. The New York Department of Taxation and Finance did not provide Plaintiff with any explanation or justification for its refusal to release the exempt funds.

31. The New York Department of Taxation and Finance failed to maintain or provide an adequate procedure for reviewing and adjudicating exemption claims relating to funds protected from collection.

32. Plaintiff's exemption issue was not reviewable in any New York tribunal, or, if such review were theoretically available, Plaintiff never received proper notice informing him of any right to pursue such review.

33. By allowing and enforcing administrative procedures that allows levying of worker's compensation funds without providing a mechanism for relief or compensation, the Defendant has effectively deprived Plaintiff of the use, value, and economic utility of his lawfully obtained worker's compensation settlement.

34. By allowing and enforcing administrative procedures of attaching worker's compensation awards without providing a mechanism for review, relief or compensation, the Defendant has effectively deprived Plaintiff of the use, value, and economic utility of his property.

35. The Defendant's actions and omissions, under color of state law, constitute a regulatory taking of Plaintiff's property without just compensation in violation of the Fifth Amendment, and the lack of any adequate administrative remedy further violates the Fourteenth Amendment's Due Process Clause.

36. The deprivation bears no reasonable relation to a legitimate state interest sufficient to justify the confiscation of Plaintiff's property rights.

37.   Defendant's actions constitute an unlawful taking of Plaintiff's property for public use without just compensation and without due process of law.

38.   Plaintiff has suffered economic harm, loss of property rights, and deprivation of constitutional protections as a result of Defendant's conduct

WHEREFORE, Plaintiff respectfully requests that this Court: declares that Defendant's actions violated the Takings Clause of the Fifth Amendment as applied through the Fourteenth Amendment; issues a permanent injunction prohibiting Defendant from enforcing the policy or action that caused the taking as related to New York Workers' Compensation ("WKC") CHAPTER 67, ARTICLE 2 provides just compensation to Plaintiff for the taking of property. Award Plaintiff costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; grants such other and further relief as the Court deems just and proper.

## COUNT II
## <u>VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER U.S. CONSTITUTION</u>

39.   Plaintiff realleges and incorporates by reference the foregoing paragraphs.

40.   Under the Fourteenth Amendment to the United States Constitution, no State shall deprive any person of life, liberty, or property without due process of law.

41.   Workers' compensation settlement proceeds constitute protected property interests under federal constitutional law and the statutory framework of the State of New York, which expressly exempts such funds from levy, attachment, or execution.

42.   Despite clear statutory protection and despite Plaintiff providing documentation confirming that the funds located in Plaintiff's accounts were workers' compensation award for

6

injury, Defendants intentionally, arbitrarily, and capriciously levied, seized, froze, and failed to release those exempt funds once the documentation was provided.

43.    Defendants' actions were specifically outlawed by New York statute that exempted workers compensation awards and certain wages from collections, served no legitimate governmental purpose, and were undertaken in a manner that "shocks the conscience," violating the substantive component of the Due Process Clause.

44.    Defendants acted with deliberate indifference to Plaintiff's clearly established rights, including the well-recognized exemption of workers' compensation benefits from collection and the constitutional prohibition on arbitrary deprivation of property.

45.    Defendants further refused to return the seized funds, ignored Plaintiff's objections and submitted documentation, and failed to provide any explanation, justification, review mechanism, or lawful procedure for the deprivation.

46.    The arbitrary seizure and continued withholding of exempt workers' compensation funds constitute an unconstitutional deprivation of property, violating Plaintiff's substantive due process rights under the Fourteenth Amendment.

47.    As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff suffered financial harm, emotional distress, loss of use of funds necessary for daily living and medical needs, and other compensable damages.

WHEREFORE, Plaintiff respectfully requests that this Court: declares that Defendant's actions violated the Commerce Clause; issues a permanent injunction prohibiting Defendant from enforcing the policies or actions. Award Plaintiff costs and reasonable attorney's fees; grants such other and further relief as the Court deems just and proper.

## COUNT III
## <u>VIOLATION OF PROCEDURAL DUE PROCESS UNDER U.S. CONSTITUTION</u>

48.    Plaintiff realleges and incorporates by reference the foregoing paragraphs.

49.    Under the Fourteenth Amendment to the United States Constitution, no State shall deprive any person of life, liberty, or property without due process of law, including adequate notice and a meaningful opportunity for an independent review of the issues or actions by a state.

50.    Workers' compensation settlement proceeds constitute a protected property interest under federal constitutional law and the statutory framework of the State of New York, which expressly exempts such funds from levy, attachment, or execution.

51.    Despite clear statutory protection and despite Plaintiff providing documentation confirming that the funds located in Plaintiff's accounts were workers' compensation award proceeds, Defendants intentionally levied, seized, froze, and continued to withhold those exempt funds.

52.    Defendants carried out the seizure without providing Plaintiff with an adequate and clear prior notice, without offering any deprivation hearing at an independent and unbiased tribunal, and without any emergency justification that would allow a deprivation of property without such procedural safeguards.

53.    After the funds were seized, Defendants failed to provide Plaintiff with any post-deprivation procedure, including any explanation of the action taken, any opportunity to challenge the seizure, or any mechanism to submit or adjudicate claims that the funds were exempt under New York law.

54.     Defendants ignored Plaintiff's objections, failed to review or process the documentation submitted, and failed to provide any written determination, appeal process, or meaningful opportunity for relief, thereby depriving Plaintiff of constitutionally required procedural protections.

55.     The seizure and continued withholding of exempt workers' compensation funds without notice, without a hearing, and without any form of meaningful procedural review constitute a violation of Plaintiff's procedural due process rights under the Fourteenth Amendment.

56.     As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff suffered financial harm, emotional distress, and loss of the use of funds necessary for daily living and medical needs, along with other compensable damages.

WHEREFORE, Plaintiff respectfully requests that this Court declare that Defendants' actions violated Plaintiff's procedural due process rights; issue appropriate injunctive relief prohibiting Defendants from enforcing or applying the challenged policies and practices; award Plaintiff costs and reasonable attorney's fees; and grant such other and further relief as the Court deems just and proper.

## COUNT IV
## VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER N.Y. CONSTITUTION

57.     Plaintiff realleges and incorporates by reference the foregoing paragraphs.

58.     Article I, § 6 of the New York Constitution prohibits the State and its agencies from engaging in arbitrary, irrational, or conscience-shocking conduct that deprives a person of protected property interests.

9

59. Workers' compensation benefits are expressly exempt from levy or seizure under New York law and constitute a protected property interest recognized by the State.

60. Defendants acted arbitrarily and without lawful authority by levying, seizing, freezing, and continuing to withhold Plaintiff's workers' compensation funds, despite statutory exemptions and despite receiving documentation confirming that the funds were exempt.

61. Defendants' actions served no legitimate governmental purpose, directly violated established state law, and represented an arbitrary exercise of governmental power.

62. Defendants acted with deliberate indifference to Plaintiff's clearly established rights and disregarded the statutory exemptions that unequivocally protect workers' compensation awards from collection.

63. The ongoing refusal to release the funds—despite full knowledge of their exempt status—constitutes conscience-shocking and arbitrary governmental action, violative of the substantive due process protections embedded in Article I, § 6 of the New York Constitution.

64. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff suffered economic losses, emotional distress, and deprivation of property without lawful justification.

WHEREFORE, Plaintiff respectfully requests that this Court declare that Defendants' actions violated Plaintiff's procedural due process rights; issue appropriate injunctive relief prohibiting Defendants from enforcing or applying the challenged policies and practices; award Plaintiff costs and reasonable attorney's fees; and grant such other and further relief as the Court deems just and proper.

**COUNT V**
**VIOLATION OF PROCEDURAL DUE PROCESS UNDER N.Y. CONSTITUTION**

65.   Plaintiff realleges and incorporates by reference the foregoing paragraphs.

66.   Article I, § 6 of the New York Constitution guarantees that no person shall be deprived of property without due process of law, including reasonable notice and a meaningful opportunity to be heard before the government takes adverse action.

67.   Workers' compensation settlement proceeds constitute a protected property interest under New York law and are expressly exempt from levy, attachment, restraint, or execution under New York statutes.

68.   Despite this clear statutory protection and despite Plaintiff's submission of documentation confirming the exempt status of the funds, Defendants levied, seized, and froze Plaintiff's workers' compensation funds.

69.   Defendants carried out the deprivation without providing Plaintiff any prior notice, without identifying any lawful basis for the levy, and without providing Plaintiff an opportunity to contest or prevent the seizure before it occurred.

70.   After the seizure, Defendants failed to provide Plaintiff with any post-deprivation procedure, including notice of the basis for the levy, any method to dispute the action, or any administrative or judicial review mechanism to adjudicate Plaintiff's exemption claim.

71.   Defendants ignored Plaintiff's objections and documentary submissions, refused to return the funds, and provided no explanation, determination, or procedural avenue for relief, in violation of the procedural protections guaranteed by the New York Constitution.

72.    Defendants' conduct constitutes a deprivation of property without due process of law, in direct violation of Article I, § 6 of the New York Constitution.

73.    As a direct and proximate result of these violations, Plaintiff suffered financial harm, emotional distress, and loss of access to funds needed for daily living and medical care.

WHEREFORE, Plaintiff respectfully requests that this Court declare that Defendants' actions violated Plaintiff's procedural due process rights; issue appropriate injunctive relief prohibiting Defendants from enforcing or applying the challenged policies and practices; award Plaintiff costs and reasonable attorney's fees; and grant such other and further relief as the Court deems just and proper.

Date: February 18, 2026

By:
/S/S.J.Litvak_____
S. JOSEPH LITVAK, ESQUIRE
Attorney for Plaintiff
3070 Bristol Pike
Building 1, 204
Bensalem, PA 19020
(215) 515.7113

12

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: February 18, 2026

/S/S.J.Litvak_____
S. JOSEPH LITVAK, ESQUIRE
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues.

Dated: February 18, 2026

/S/S.J.Litvak_____
S. JOSEPH LITVAK, ESQUIRE
Attorney for Plaintiff